United States District Court
Southern District of Texas

**ENTERED**

May 18, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 3:26-cv-00095 |
| | § | |
| PANDIT LAW FIRM, LLC, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION**

On March 25, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 10. Judge Edison filed a memorandum and recommendation sua sponte on April 30, 2026, recommending that that the court order the conditional dismissal of this lawsuit without prejudice unless the plaintiff appears through licensed counsel within 30 days from the date the memorandum and recommendation is adopted. Dkt. 17.

On May 9, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 19. The plaintiff simultaneously filed a motion for appointment of counsel and a motion to stay, asking for the same relief he requested in his objections. Dkts. 20, 21. Because these motions request the same relief as the plaintiff's objections, the court will address these two motions alongside the plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1)(C),

this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The plaintiff first objects that Judge Edison misapplied certain authorities cited in his memorandum and recommendation, and that he treated as controlling authority the opinion issued in *M2 Technology, Inc. v. M2 Software, Inc.*, 589 F. App'x 671 (5th Cir. 2014). Dkt. 19 at 5. This objection is overruled.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). It is this centuries-old, binding precedent that underpins Judge Edison's memorandum and recommendation. There does not need to be a precedential opinion from the Fifth Circuit for this court to follow every other court to have confronted the issue and hold that where "the lay individual chose to accept the advantages of incorporation," he "must now bear the burdens of that incorporation; thus, he must have an attorney present the corporations legal

claims." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quotation omitted). It is irrelevant *why* the plaintiff wishes to represent his corporate entity—every individual who attempts to represent his business in litigation surely believes he has a compelling reason for doing so. The fact remains that limited liability entities may appear in federal court only through licensed counsel, and assignments may not be used to defeat that rule.

The plaintiff next objects that he has standing as the real party in interest under *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008), and the Mandatory Victims Restitution Act. This objection is overruled. *Sprint* did not address whether a non-lawyer may proceed pro se on behalf of a limited liability entity and has no bearing here.

Nor does the Mandatory Victims Restitution Act have any bearing on whether the plaintiff may represent his limited liability entity. The plaintiff, an incarcerated felon, refers to himself as "the federally-directed restitution-recovery vehicle." Dkt. 19 at 6. The court is unfamiliar with this term, which does not appear in any case law or the Mandatory Victims Restitution Act. The plaintiff argues that because he "holds legal title to [his LLC's] receivable under a federally-disclosed transfer that pre-existed this litigation and was made for federal restitution-coordination purposes," he has standing. *Id*. The court recognizes that the plaintiff has standing as the assignee of his LLC's claims. But as an assignee of his LLC's claims, the plaintiff must appear through licensed counsel as the LLC itself would be required to do.

As for the plaintiff's contention that he has claims against the defendant in his individual capacity—namely, as "the licensed public adjusted whose personal labor generated the compensation"—that contention is undercut by the plaintiff's own pleadings. *Id.* at 6. The only contracts that the plaintiff attaches to his complaint show that Mitchell Adjusting International, LLC was the contracting party, not the plaintiff, and the "additional payee on all settlement checks, drafts and/or payments" was to be Mitchell Adjusting International, LLC, not the plaintiff personally. Dkt. 1-1 at 3–9. Nevertheless, if the plaintiff believes that he has claims to assert solely as an individual and not as the assignee or sole-member of his LLC, the court will permit him to amend his complaint to assert such claims.

In his third objection, the plaintiff argues that Judge Edison wrongly recommended dismissal without first affording the plaintiff an opportunity to cure under Rule 17(a) and *Wieburg v. GTE Southwest Inc.*, 272 F.3d 302 (5th Cir. 2001). This objection is overruled. Unlike here, the court in *Wieburg* dismissed the action outright. Judge Edison recommended *conditional* dismissal if the plaintiff does not appear through licensed counsel within 30 days. If the plaintiff does appear through licensed counsel, the action will not be dismissed. If the plaintiff does *not* appear through licensed counsel, the action *will* be dismissed, but only once the 30 days have passed. Conditional dismissals are a standard means for dealing with the substitution of the real party in interest. *See, e.g., Wright v. Sears Roebuck & Co.*, No. CIV.A. 09-1498, 2010 WL 6032803, at *5 (W.D. La. Oct. 19, 2010) (holding that the remedy under Rule 17 is conditional dismissal unless the

real party in interest joins the litigation), *report and recommendation adopted*,
No. CIV.A. 09-1498, 2011 WL 867252 (W.D. La. Mar. 10, 2011).

In his fourth objection, the plaintiff argues that Judge Edison should have
considered appointing counsel under 28 U.S.C. § 1915(e)(1) and *Naranjo v.
Thompson*, 809 F.3d 793 (5th Cir. 2015). This objection is overruled. The United
States Supreme Court held more than 30 years ago that § 1915 extends only to
natural persons. *See Rowland*, 506 U.S. at 208. Thus, the court has no power to
appoint counsel to a corporate plaintiff under § 1915. While the Fifth Circuit
recognized a district court's "inherent power to appoint counsel for an insolvent
corporate criminal defendant," this court is unaware of any authority that would
support appointing counsel for a corporate *plaintiff* in *civil* litigation. *Naranjo*,
809 F.3d at 802. Assuming the court has such inherent power, the court declines
to use it. If the value of this litigation is as great as the plaintiff believes, he should
have no difficulty securing counsel on a contingency basis.

It is therefore ordered that:

(1)   Judge Edison's memorandum and recommendation (Dkt. 17) is
      approved and adopted in its entirety as the holding of the court;

(2)   The plaintiff has 30 days from the date of this order to file an amended
      complaint asserting claims solely in his individual capacity and not as
      an assignee or the sole member of his LLC;

(3)   The plaintiff's motion for appointment of counsel (Dkt. 20) is denied;

(4)   This case is conditionally dismissed unless the plaintiff appears
      through licensed counsel within 30 days from the entry of this order
      and/or files an amended complaint asserting claims against the

defendant solely in his individual capacity and not as an assignee of his LLC's claims or its sole member; and

(5)    The plaintiff's motion to stay (Dkt. 21) is granted, in that all other deadlines in this case are stayed for the next 30 days.

SIGNED on Galveston Island this 18th day of May, 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE